IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE M. FLORES,<br><br>    Plaintiff,<br><br>vs.<br><br>BLUE MOUNTAIN HOMES, LLC; BANK OF AMERICA; BAYVIEW LOAN SERVICES; CR TITLE SERVICES; POLYMATHIC PROPERTIES; QUALITY LOAN SERVICE CORP.; FANNIEMAE dba FEDERAL HOME LOAN MORTGAGE CORP.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS); and DOES 1 through 10,<br><br>    Defendants.<br>_____/ | No. 2:12-cv-1515-GEB-EFB PS<br><br><br><br><br><br><br><br><br>ORDER TO SHOW CAUSE |

    This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). Presently noticed for hearing on September 5, 2012 are two motions to dismiss filed by various defendants. Dckt. Nos. 9, 10; *see also* Dckt. No. 12.

    Court records reflect that plaintiff has not filed an opposition or a statement of non-opposition to either motion to dismiss. Local Rule 230(c) provides that opposition to the

1

granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by August 22, 2012.  Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.  Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").  Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing on defendants' motions to dismiss, Dckt. Nos. 9 and 10, is continued to October 10, 2012 at 10:00 a.m. in Courtroom No. 24.

2. Plaintiff shall show cause, in writing, no later than September 19, 2012, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motions.

3. Plaintiff shall file an opposition to each motion, or a statement of non-opposition thereto, no later than September 19, 2012.

4. Failure of plaintiff to file an opposition to each motion will be deemed a statement of non-opposition to that motion, and may result in a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules.  *See* Fed. R. Civ. P. 41(b).

1       5. Defendants may file a reply to plaintiff's opposition(s), if any, on or before September 26, 2012.

SO ORDERED.

DATED: August 27, 2012.

                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE

3